### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEANNA SCARBO,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-3308** |
| | : | |
| **ROYAL ATHENA,** *et al.*, | : | |
| **Defendants.** | : | |

### <u>MEMORANDUM</u>

**COSTELLO, J.**                                                                    **JUNE 30, 2025**

Deanna Scarbo filed this *pro se* case naming as Defendants her landlord Royal Athena, d/b/a/ The Yard at Pencoyd Landing ("YOPL"), her landlord's attorney Susan J. Kupersmith, and Magisterial District Court 38-2-04, asserting civil rights claims under 42 U.S.C. § 1983. Scarbo also seeks leave to proceed *in forma pauperis* and a temporary restraining order. For the following reasons, the Court will grant Scarbo leave to proceed *in forma pauperis* and dismiss her Complaint.

### I.    FACTUAL ALLEGATIONS[1]

Scarbo asserts that YOPL is a private landlord and property manager of the rental unit in which she resided. (Compl. at 2.) It was represented in an eviction proceeding in Magisterial District Court 38-2-04 by Attorney Kupersmith. (*Id*. at 2-3.) YOPL began an eviction proceeding on February 5, 2025, that resulted in a judgement entered on March 17, 2025. (*Id*. at 3.) Scarbo has sought to appeal that judgment, but has been unsuccessful. (*Id*. at 4.) A second

---

[1] The factual allegations set forth in this Memorandum are taken from Scarbo's Complaint. (ECF No. 2.) The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

order for possession was entered by Magisterial District Court 38-2-04 on May 20, 2025, that Scarbo also appealed unsuccessfully. (*Id*. at 4-5.) On June 4, 2025, Scarbo was locked out of her unit. (*Id*. at 5.) She has been unsuccessful at retrieving her personal property from the unit. (*Id*.)

Scarbo seeks to assert civil rights claims under § 1983 against all named Defendants based on due process violations, the unlawful seizure of her personal property, and abuse of process and collusion. (*Id*. at 6-10.) She seeks declaratory, injunctive, and monetary relief. (*Id*. at 10-11.) Her emergency motion for a temporary restraining order (ECF No. 3) seeks to enjoin the Defendants from interfering with her access to her former unit and restoring her possession of the unit.

## II.    STANDARD OF REVIEW

The Court grants Scarbo leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory

allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Scarbo is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

### A. Claims Against Magisterial District Court 38-2-04 for Money Damages

States are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). The Eleventh Amendment also bars suits against state agencies in federal court that seek monetary damages. *See id.*; *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Magisterial District Court 38-2-04, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). Thus, claims for money damages against Magisterial District Court 38-2-04 are dismissed.[2]

---

[2] To the extent Scarbo intended to name a particular judge of Magisterial District Court 38-2-04 as a defendant, that claim would also be dismissed with prejudice. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because it is apparent from the Complaint that the judge that presided over the eviction action was acting in his or her judicial capacity over an action within the jurisdiction of Magisterial District Court 38-2-04, that judge would be absolutely immune from suit for money damages.

### B.    Injunctive Relief

Scarbo seeks injunctive relief against Magisterial District Court 38-2-04 and the other named defendants.  This type of relief is also not proper.  The Anti-Injunction Act, 28 U.S.C. § 2283, "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'"  *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283)).  "The Act 'is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions'" – authorization by Congress, necessary for aid of jurisdiction, or to protect a judgment, which are to be construed narrowly.  *Id.* (quoting *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)).

Courts in the Third Circuit have consistently held that "[t]he Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings." *McMillan v. Nationstar Mortg. Co.*, No. 20-1321, 2020 WL 4201605, at *2 (E.D. Pa. July 22, 2020) (citing cases); *Frankel v. Guzman*, No. 20-5208, 2020 WL 6161512, at *2 (E.D. Pa. Oct. 21, 2020) (rejecting emergency request to enjoin eviction proceedings and noting weight of authority in the Third Circuit to support holding); *Rhett v. Div. of Hous., Dep't of Cmty. Affairs*, No. 14-5055, 2014 WL 7051787, at *3 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti–Injunction Act prohibits this Court from taking such action."); *Frankel v. Kessler*, No. 21-0093, 2021 WL 229321, at *5 (E.D. Pa. Jan. 22, 2021) (dismissing complaint on screening and denying temporary restraining order where claims related to state court eviction proceeding were barred by the Anti-Injunction Act).  Accordingly, the Court cannot enjoin state court eviction

proceedings or the execution of a state court eviction order, and Scarbo's request for that relief is dismissed.

### C.    Declaratory Relief

Scarbo also asks for a declaration that her rights were violated in the eviction proceeding. Declaratory relief is unavailable to adjudicate past conduct, so this request for relief is likewise dismissed. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

### D.    Section 1983 Claims Against Non-State Actors

Finally, Scarbo's remaining claims for money damages against Defendants YOPL and Attorney Kupersmith are dismissed because they are not "state actors" as that term is used in § 1983. "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996); *see also Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) ("Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state

actors.") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)).  "To state a claim under §

1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the

United States, and must show that the alleged deprivation was committed by a person acting

under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of

Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold

issue; there is no liability under § 1983 for those not acting under color of law.").

      Scarbo asserts that YOPL is a private landlord and property manager of the rental unit in

which she resided.  (Compl. at 2.)  Private entities and their employees do not become "state

actors" because they, as alleged here, resort to state court to file a lawsuit.  *See generally*, *Dennis

v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning

side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."); *Sous v.

Timpone*, No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016) (stating that filing a

report or a civilian complaint "does not transform a private citizen into a State actor") (citing

*Boyce v. Eggers*, 513 F. Supp. 2d 139, 144-45 (D.N.J. 2007)); *Grapentine v. Pawtucket Credit

Union*, 755 F.3d 29, 31 (1st Cir. 2014) ("Significantly, [Section] 1983 does not apply to merely

private conduct, no matter how discriminatory or wrongful.") (quoting *American Mfrs. Mut. Ins.

Co. v. Sullivan*, 526 U.S. 40, 50 (1999)) (internal quotations omitted).  Finally, Attorney

Kupersmith is not a "state actor" by virtue of representing YOPL in state court in the eviction

proceeding.  *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys

performing their traditional functions will not be considered state actors solely on the basis of

their position as officers of the court.").

**IV.    CONCLUSION**

For the reasons stated, the Court will grant Scarbo leave to proceed *in forma pauperis* and dismiss her Complaint for failure to state a plausible claim for relief.  Her request for a temporary restraining order is denied since she cannot demonstrate success on the merits of her claims.  *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").  An appropriate Order of dismissal will be entered separately.  *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

**MARY KAY COSTELLO, J.**